(22 Misc. Rep. 150.)

## PEOPLE v. JOHNSON et al.

(Supreme Court, Criminal Term, Erie County. December, 1897.)

1. SPARRING EXHIBITIONS—PLACE OF HOLDING.

Pen. Code, § 458, as amended by Laws 1896, c. 300 (Horton Law), forbidding sparring exhibitions except when given by an incorporated athletic association in a building leased by it for athletic purposes only, is not violated when the association occupies a portion of a building for its exclusive purposes.

2. SAME—RIGHT TO GIVE EXHIBITIONS.

Pen. Code, § 458, as amended by Laws 1896, c. 300, prohibiting sparring exhibitions where an admission fee is received or charged, except when held by a domestic incorporated athletic association, does not allow a charge of admission fees to sparring exhibitions conducted by associations incorporated under Laws 1895, c. 559 (Membership Law), which provided that the term "membership corporation" should not include a stock corporation, or a corporation organized for pecuniary benefit, and which was in force at the time the Horton law was passed.

Proceedings by the people against Charles Johnson and others to require defendants to give a bond that they will not, for one year, violate Pen. Code, § 458 (Laws 1896, c. 300).

Simon Fleischmann and Philip V. Fennelly, for the People.

William F. Mackey and Charles J. Thomas, for defendants.

WOODWARD, J. This is a proceeding under section 463 of the Penal Code to require defendants to give a bond that they will not, for one year, violate section 458 of the Penal Code, which prohibits, among other things, prize fighting absolutely, and sparring exhibitions except under certain restrictions. The evidence taken shows that the defendants, on the evening of December 16, 1897,

were about to engage in a sparring exhibition in the rooms of the Live Stock Exchange Athletic Club of Buffalo, for which admission tickets had been sold to the public at large. The statute (Laws 1896, c. 300), so far as applicable to this case, provides substantially that a person who engages in a public or private sparring exhibition, with or without gloves, within the state, at which an admission fee is charged or received, directly or indirectly, is guilty of a misdemeanor: provided, however, that sparring exhibitions with proper gloves may be held by a domestic incorporated athletic association in a building leased by it for athletic purposes only for at least one year. Pen. Code, § 458. The association in question was incorporated for athletic purposes under the membership corporation law, being chapter 559 of the Laws of 1895, and the club occupied a portion of the third floor of a large brick building, the remaining portions of which building were occupied by other tenants for office and other business purposes.

The people contend that the law was violated in this instance, in the first place, because the club does not occupy an entire building devoted to athletic purposes only. To this proposition I cannot give assent, as I think the requirements of the statute in this respect are reasonably complied with when an incorporated association occupies for its exclusive purposes a portion of a building.

The next contention of the people is more serious, and, in view of the importance of having a judicial construction of this section of the Penal Code, known as the "Horton Law," and having in mind the fact that the people could not appeal from a decision adverse to them, and that the provisions of the act should have the construction of the upper courts, I have concluded to give the people the benefit of a decision of the question, which, in any event, is a close one. The point raised, and which has impressed me with much force, is that a corporation organized under the membership law cannot charge an admission fee for sparring exhibitions given under its auspices. The membership law has superseded the older social club law, and it provides, among other things, that the term "membership corporation" does not include a stock corporation, or a corporation organized for pecuniary benefit. 2 Rev. St. (9th Ed.) p. 1433, § 2. The same act further provides that a membership corporation may be created thereunder for any lawful purpose, except a purpose for which a corporation may be created under any other article of the chapter, or any other general law. Id. p. 1442, § 30. The business corporation law of the state provides for corporations organized for any lawful business purpose, and the issuing of stock, etc. Id. p. 1384, § 2. All of these provisions as to corporations were in force prior to the passage of the Horton law, which allows sparring exhibitions by incorporated associations, as above referred to. The contention of the people therefore seems reasonable that the legislature did not intend, in passing the Horton law, to allow associations incorporated under the membership law to engage in business or occupations for pecuniary profit, but intended to allow such associations to have sparring exhibitions for its members privately, or, in any event, did not intend to permit such associations

to charge admission fees to such entertainments. This construction appears to have been put upon the law by many of the associations themselves, as the evidence shows that the association here involved, as well as others, has printed upon its tickets of admission the words, "Membership Ticket," which the counsel for the defendants fairly admitted in court was a mere subterfuge supposed to bring the clubs within the protection of the Horton law. Under the circumstances, I have concluded to hold the defendants each under a nominal bond of $100, as provided in section 463 of the Penal Code.

Ordered accordingly.